No. 3379.—JAMES H. YOUNG *v.* THE MAGAZINE STREET RAILROAD· COMPANY, and THE MAGAZINE STREET RAILROAD COMPANY *v.* JAMES H. YOUNG. (Consolidated.)

In a sequestration suit where the preservation of the property sequestered is provided for by the defendant giving a bond, the appointment of a judicial sequestrator is illegal, and the order appointing a sequestrator in such a case, with the order homologating his account, will be annulled and set aside on appeal.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. R. *King Cutler* and *F. N. Butler,* for plaintiff and appellee. *Cotton & Levy* and *Semmes & Mott,* for defendant and appellant.

TALIAFERRO, J. In the progress of the trial of these cases in the court below the judge *a quo* appointed a judicial sequestrator and placed in his possession and under his administration the property in controversy, viz : the railroad and all its appliances and appurtenances by an order rendered on the nineteenth of July, 1870. The sequestrator, it seems, took charge of the road on the sixteenth of October following and on the thirteenth of February, 1871, the court rendered an order that the sequestrator file an account, which was accordingly done. This account was opposed by the railroad company as to attorney's fees, $500, and services of the sequestrator, $3500. An order was rendered homologating the account, reducing the charge of the sequestrator to $200 per month. From the order appointing the sequestrator and that homologating his account the railroad company have appealed.

The points presented are :

That the Magazine Street Railroad Company having obtained a release of the injunction sued out by Young, by entering into the re-

quired bond on the fourth of April, 1870, the judge was without power to order a sequestration; that the item of account, $3500, for services of Hillman, the sequestrator, is excessive and should not be allowed; that the sequestrator, if entitled at all to claim compensation for his services in that capacity, can only claim it from the party cast in the suit.

The railroad company having entered into bond in favor of their adversary to secure him against loss or damage that might result from their retaining possession of the road pending the suit, and not perceiving that anything subsequently occurred to weaken that security, we do not think a state of things existed that authorized the judge ex-officio to appoint a judicial sequestrator. The preservation and safe keeping of the property in controversy being provided for, the appointment of a keeper was unnecessary and productive of unnecessary costs.

It is therefore ordered, adjudged and decreed that the order appointing Hillman judicial sequestrator and that homologating his account be annulled, avoided and reversed. It is further ordered that the appellee pay costs of these proceedings.